```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | CRIMINAL ACTION 96-0184-KD-M |
| | : | |
| DARREL PRENELL GIBBS, a/k/a "G", | : | |

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Defendant's Motion to Proceed Without Prepayment of Fees (Doc. 267) which has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(3).  For the reasons set forth below, it is recommended that the Motion be denied because the appeal is frivolous and not taken in good faith.

On October 14, 2008, Defendant, a federal prisoner, filed a Notice of Appeal of the Court's Order denying his motion to reduce his sentence for a crack cocaine offense pursuant to 18 U.S.C. § 3582(C)(2)(Docs. 263, 262).  He also filed a Request for Appointment of Counsel (Doc. 264), which the Court denied by Order dated October 24, 2008 (Doc. 266).  On October 30, 2008, he filed the pending Motion to Proceed Without Prepayment of Fees (Doc. 267).

After a review of the motion with the attached financial statement of his federal prison account, the undersigned finds that Defendant is indigent.  However, a party may not appeal *in forma pauperis* unless the District Court also certifies that the

appeal is taken in good faith. 28 U.S.C. ¶ 1915(a).  The test for whether an appeal is taken in good faith is whether Defendant seeks appellate review of any issue that is not frivolous.  *See Ex parte Chayoon*, 20007 WL 1099088, *1(M.D. Fla. 2007).  In other words, an appeal that is plainly frivolous cannot be taken without the prepayment of fees and costs.  *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *Clements v. Wainwright*, 648 F.2d 979, 981 (5th Cir. 1981).  This Court, in its Order ruling on Defendant's Request for Appointment of Counsel on Appeal dated October 24, 2008 (Doc. 266),in which it fully discussed why Defendant was not entitled to a sentence reduction, has already found that Defendant's appeal is frivolous.  Therefore, the Motion to Proceed Without Prepayment of Fees is due to be denied since it is frivolous and not taken in good faith.

Notwithstanding Defendant's indigent status or the denial of permission to proceed *in forma pauperis*, because he is a prisoner, 28 U.S.C. § 1915(b) requires the payment of the full amount of the filing fee.  Based upon the information contained in the financial statement of Defendant's prison account, the Court determines that he has some assets for the six-month period immediately preceding the filing of the Notice of Appeal and a partial filing fee of $37.14 is to be paid.  In his Motion, Defendant authorized the deduction of the filing fee from his

prison account and the Bureau of Prisons and/or the agency having custody of Defendant is **DIRECTED** to do so and forward the partial filing fee to the Clerk of Court.  Thereafter, the Bureau of Prisons and/or the agency having custody of Defendant is **DIRECTED** every month to withdraw twenty percent of the preceding month's income credited to Defendant's prison account and remit the amount to the Clerk of Court each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid.  Checks should be made payable to "Clerk, U.S. District Court."

In conclusion, it is recommended that Defendant's Motion to Proceed Without Prepayment of Fees be denied and that the District Judge certify in writing that Defendant's appeal is frivolous and not taken in good faith.  Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Defendant does not have the opportunity to file an objection. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.").  The Clerk is therefore **DIRECTED** to refer this recommendation to the District Judge without the necessity of a waiting period.

DONE this 22nd day of December, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE