IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 96-00184-KD |
| | ) | |
| DARRELL GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on defendant Darrel Gibbs' "Motion under § 3582 for Reduction in Sentence Pursuant to the Fairness in Cocaine Act and Spears Decision" (doc. 280). Gibbs argues that when he was sentenced in 1998, the Court was bound to apply a 100 to 1 ratio for crack to powder cocaine to calculate his sentence under the Sentencing Guidelines. Gibbs argues that this Court now has authority to re-sentence him and reduce his sentence in the interests of justice and fairness because of the enactment of the Fair Sentencing Act ("FSA"), Pub.L.No. 111-220, 124 Stat. 2372 (2010) which eliminates the 100:1 crack to powder cocaine ratio.[1] Gibbs also relies upon the decisions in Spears v. United States, 555 U.S. 261, 129 S.Ct. 840 (2009), Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007), and United States v. Gully, 619 F. Supp. 2d 633 (N.D. Iowa 2009) (adopting a 1 to 1 ratio).

Gibbs argues that the Fair Sentencing Act should apply retroactively to his sentence and that pursuant to 18 U.S.C. § 3582(c)(2), this Court has authority to resentence him. However, the Fair Sentencing Act was not made retroactive to offenses occurring prior to its enactment on

---

[1] The Fair Sentencing Act was "signed into law on August 3, 2010" and modified the "crack-to-powder ratio from 100:1 to about 18:1". United States v. Gomes, 621 F 3d 1343, 1346 (11th Cir. 2010).

August 3, 2010. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) ("because the FSA took effect in August 2010, after appellant committed his crimes, 1 U.S.C. § 109 [the savings statute] bars the Act from affecting his punishment"). Gibbs' crimes were committed in 1996 and he was sentenced in 1998. Thus, the FSA does not entitle Gibbs to be resentenced.

Pursuant to § 3582(c)(2), the court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon v. United States, 130 S.Ct. 2683, 2688 (2010). The Sentencing Commission has not made retroactive the guidelines promulgated as a result of the Fair Sentencing Act, although such an amendment is now open for public comment and public hearing by the United States Sentencing Commission. See Notice of Proposed Amendments to Sentencing Guidelines, 76 Fed. Reg. 3193, 3195-96 (Jan. 19, 2011). Thus, Gibbs' request pursuant to § 3582(c) is **denied**

**DONE** and **ORDERED** this 14th day of March, 2011.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE